**Calvin WRIGHT, Appellant,**

v.

**Darlene WRIGHT, Appellee.**

Court of Appeals of Kentucky.

May 28, 1971.

William A. Carter, Carrollton, for appellant.

John M. Berry, Jr., Berry & Floyd, New Castle, for appellee.

STEINFELD, Judge.

Calvin and Darlene Wright were married July 20, 1966, and lived together until February 1, 1969. On January 30, 1969, Darlene sued for divorce alleging cruel and inhuman treatment for a period of six months. KRS 403.020(3) (b). She sought a restoration of her personal property, a division of property and alimony during and pending the action. Each of the parties had been married previously and both had children, none of whom lived with them during the marriage. The trial court found that Darlene was entitled to the divorce and it dismissed a counterclaim in which on like grounds (KRS 403.020(4) (d)) Calvin sought a divorce and restoration of his property. It awarded Darlene $1,500 lump-sum alimony and $2,300 as a division of property acquired during the marriage and it restored to each of the parties the property they had when they married.

From that judgment Calvin appeals claiming that the trial court should have granted the divorce to him rather than to his wife and that it abused its discretion in allowing Darlene any alimony or any division of the property. We affirm.

There was conflicting proof as to fault. We see no need to review the testimony in this opinion and deem it sufficient to say that on the conflicting evidence we do not

find the trial court to have erred in granting the divorce to the wife.

At the time the parties married the husband owned a house and lot in Trimble County of a value of approximately $25,000 on which he owed $14,000. He had $2,500 on deposit in a savings account and stock valued at $3,000. The evidence showed that he alone had made the payments on the house. When the separation occurred the debt on the house had been reduced to $11,800 and the stock had increased in value to $7,400. The savings account had remained constant but Calvin had acquired an automobile on which he owed approximately $2,500.

When the marriage occurred the wife owned an undivided one-third interest in a house and lot in Madison, Indiana, of a total value of about $21,000 on which there was a mortgage of approximately $7,800. She also owned some household goods and furnishings and an automobile. When they separated Darlene owned the same interest in the property as when she married except that she had bought some additional household furnishings and the automobile which she owned at that time was encumbered by a mortgage.

From that evidence the trial court reasoned that Calvin had accumulated between $6,400 and $6,900 (part of which was due to appreciation of stock value) and noted that each of the parties had been employed during the marriage and had purchased various items of personal property and that the wife had supported herself and had paid the major part of the household expenses. She had thereby made contributions justifying an allowance of property. It appears to us that the conclusions reached by the chancellor followed the law we announced in Colley v. Colley, Ky., 460 S.W.2d 821 (1970). We fail to find an abuse of discretion.

The judgment is affirmed.

All concur.